ALANA W. ROBINSON
Acting United States Attorney
DAVID B. WALLACE
Assistant U. S. Attorney
State of California Bar No. 172193
SAMUEL W. BETTWY
Assistant U. S. Attorney
California State Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-7669/7125
Fax: (619) 546-7751
dave.wallace@usdoj.gov
samuel.bettwy@usdoj.gov

Attorneys for Defendant/Counter-Claimant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON JONES, | Case No.: 16-cv-1986-W (WVG) |
| Plaintiff, | |
| v. | |
| U.S. BORDER PATROL AGENT HERNANDEZ; DOE U.S. BORDER PATROL AGENTS #1 through #4, each sued in their individual capacities; and the UNITED STATES OF AMERICA, | **AMENDED COUNTERCLAIM FOR MONEY DAMAGES: (1) ASSAULT; (2) BATTERY; and (3) NEGLIGENCE BY UNITED STATES OF AMERICA** |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Counter-Claimant, | |
| v. | |
| ALTON JONES, | |
| Counter-Defendant. | |

1

## COUNTERCLAIM

COMES NOW Counter-Claimant, United States of America ("the United States"), by and through its attorneys, Alana W. Robinson, Acting United States Attorney, David B. Wallace, Assistant United States Attorney, and Samuel W. Bettwy, Assistant United States Attorney, and files this Counterclaim against Counter-Defendant, Alton Jones ("Jones"), and alleges on personal knowledge as to its own acts, and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.  On February 3, 2017, Jones filed his First Amended Complaint ("FAC") against the United States under the Federal Tort Claims Act ("FTCA") for alleged tortious conduct by U.S. Border Patrol ("USBP") agents, occurring on August 9 and 10, 2014.

2.  By way of this Counterclaim, the United States seeks money damages from Jones for his tortious action against USBP agent Jodan Johnson ("Johnson") on August 9, 2014.

3.  This Counterclaim is brought pursuant to Fed. R. Civ. P. 13(a)(1), as it arises out of the transaction or occurrence that is the subject matter of Jones' claims.

4.  This is a civil action brought pursuant to an assignment of right to recover under the authority of the Federal Employees Compensation Act ("FECA"), particularly 5 U.S.C.A. § 8131, to seek compensation for injuries sustained by an employee of the USBP while performing official duties.

## THE PARTIES

5.  Upon information and belief, Jones is, and at all times relevant was, a United States citizen and California resident, residing in San Diego, California.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345. Jurisdiction similarly arises under 28 U.S.C. § 1331. In the alternative, the United States invokes subject matter jurisdiction under

28 U.S.C. § 1367, as it forms part of the same case or controversy as Jones' claims. *See also* Fed. R. Civ. P. 13(a)(1).

7. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Jones' and the United States' claims occurred within this district and it is the district in which Jones resides.

## FACTUAL ALLEGATIONS

8. On or about August 9, 2014, Jones was traveling on foot on a restricted paved road that runs immediately parallel to the U.S.-Mexico border fence in Border Field State Park/Tijuana Estuary ("the park"), San Diego, California ("the paved road").

9. Plaintiff received a State Park map ("the map") upon his arrival to the park on or about August 9, 2014. (FAC at ¶ 18.)

10. The map directs visitors to use only officially designated trails and not to trespass beyond special area closure signs.

11. The paved road was not a designated trail on the map.

12. Rather, the map designates the paved road as a "Reserve Boundary."

13. While Jones was traveling on foot on the paved road on August 9, 2014, more than one USBP agent made more than one attempt to direct him off the paved road and onto the park's designated trails.

14. First, a USBP agent, who was driving in the opposite direction of Jones, stopped his patrol vehicle next to Jones.

15. The USBP agent told Jones to get off the paved road and onto the park's designated trails.

16. In response, Jones did not stop and continued traveling on foot in the same direction on the paved road.

17. Second, USBP Agent Hernandez, driving in the same direction as Jones, stopped his vehicle in front of Jones.

18. USBP Agent Hernandez told Jones to get off the paved road and onto the park's designated trails.

19. In response, Jones altered his course and continued traveling on foot in the same direction on the paved road.

20. Third, USBP Agent Hernandez continued forward and stopped his patrol vehicle in front of Jones.

21. This time USBP Agent Hernandez got out of his vehicle and told Jones that he needed to get off the paved road and onto the park's designated trails.

22. Jones responded by stating, "What's your fucking problem?"

23. Jones then turned and began traveling the same paved road on foot in the opposite direction.

24. Fourth, another USBP agent traveling in the opposite direction of Jones stopped his ATV in front of Jones and waved his arms in an attempt to stop Jones from his continued foot travel on the paved road.

25. Jones went around the ATV and continued traveling on the paved road.

26. Fifth, yet another USBP agent stopped his ATV to block Jones.

27. Jones went around him as well, continuing his foot travel on the paved road.

28. Eventually, USBP agents were able to block Jones, preventing him from traveling any farther on the paved road.

29. Jones assumed a fighting position and tried to find a way past the USBP agents.

30. At this time, USBP agents attempted to restrain Jones.

31. Jones then charged toward Johnson with his head down, rammed into Johnson and caused himself, Johnson, and other USBP agents to fall to the ground.

32. Johnson, an employee of the USBP and the United States, was acting within the course and scope of his employment with the USBP and the United States when he assisted other USBP agents in their attempt to restrain Jones.

33. As a result of Jones' conduct, Johnson sustained physical injuries, which resulted in medical bills.

/ / / /

34. As a result of Johnson's physical injuries, which were caused by Jones' conduct, Johnson sustained lost earnings, which resulted in Federal Employees' Compensation Act ("FECA") compensation payments.

35. Johnson's right of recovery included costs, both past and future, of medical care, lost earnings and compensation for past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.

36. Johnson has assigned his right of recovery to the United States pursuant to the provisions of FECA and, therefore, the United States is the proper party to bring this Counterclaim for damages to the extent permitted by law.

37. Federal law prohibits forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a person designated in 18 U.S.C. § 1114, namely a USBP agent, while the agent is engaged in or on account of the performance of official duties. *See* 18 U.S.C.A. § 111(a).

38. California law prohibits attempting, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty. *See* Cal. Penal Code §§ 69, 148 and 243(a).

39. On or about August 9, 2014, within the Southern District of California, Jones did knowingly and intentionally, willfully and forcibly assault, resist, oppose, impede, and interfere with Johnson while Johnson was engaged in the performance of his official duties in violation of 18 U.S.C. § 111(a)(1) and Cal. Penal Code §§ 69,148 and/or 243(a).

## **CLAIMS FOR RELIEF**

40. Counter-Claimant incorporates by reference the allegations of paragraphs 1 through 39, above, as though fully set forth herein.

/ / / /

/ / / /

/ / / /

## Count One – Assault

### Against Counter-Defendant for Damages

41. Through the actions described herein, on or about August 9, 2014, Jones intended to cause harmful contact with Johnson.

42. Johnson reasonably believed that Jones was about to touch him in a harmful manner.

43. Johnson did not consent to Jones' conduct.

44. Jones' conduct was a substantial factor in causing harm to Johnson.

45. As a proximate result of the acts alleged herein, Johnson suffered harm, as herein described, resulting in damages in an amount to be proven at trial to the extent permitted by law.

## Count Two – Battery

### Against Counter-Defendant for Damages

46. Through the actions described herein, on or about August 9, 2014, Jones intentionally touched Johnson with an attempt to harm or offend Johnson.

47. Johnson did not consent to this touching.

48. A reasonable person in Johnson's situation would have been offended by the touching.

49. Johnson was harmed by Jones' conduct.

50. As a proximate result of the acts alleged herein, Johnson suffered harm, as herein described, resulting in damages in an amount to be proven at trial to the extent permitted by law.

## Count Three – Negligence

### Against Counter-Defendant for Damages

51. Jones had a legal duty to act reasonably when Johnson and other USBP agents attempted to stop and restrain him.

/ / / /

/ / / /

52. To comply with this duty, Jones was required to refrain from forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Johnson while Johnson was engaged in the performance of his official duties. *See* 18 U.S.C.A. § 111(a).

53. Through the actions described herein, on or about August 9, 2014, Jones was negligent.

54. Johnson was injured, and Jones' conduct was the proximate or legal cause of Johnson's injuries.

55. As a direct and proximate result of the Jones' negligence, Johnson suffered harm, entitling him to damages in an amount to be proven at trial to the extent permitted by law.

WHEREFORE, the United States prays for:

1. Judgment against Jones in an amount to be proven at trial as permitted by law;

2. Costs and disbursements of this action; and

3. Such other and further relief to which the United States might be entitled.

DATED: April 7, 2017.                    Respectfully submitted,

ALANA W. ROBINSON
Acting United States Attorney

*s/ David B. Wallace*
DAVID B. WALLACE
Assistant U. S. Attorney

*s/ Samuel W. Bettwy*
SAMUEL W. BETTWY
Assistant U.S. Attorney

Attorneys for Defendant/Counter-Claimant
United States of America