ALANA W. ROBINSON
Acting United States Attorney
DAVID B. WALLACE
Assistant U. S. Attorney
California Bar No. 172193
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
REBECCA G. CHURCH
Assistant U.S. Attorney
California Bar No. 259652
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-7669 / 7125 / 7721
Fax: (619) 546-751

Attorneys for Defendants
United States of America
Agents Johnson, Hernandez, Faatoalia, Bowen, and Kulakowski

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON JONES,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. BORDER PATROL AGENT GERARDO HERNANDEZ, et al.,<br><br>          Defendants. | Case No. 16cv1986 W (WVG)<br><br>**INDIVIDUAL DEFENDANTS'<br>EX PARTE APPLICATION<br>TO FILE EXHIBITS UNDER SEAL** |
| UNITED STATES OF AMERICA,<br><br>          Counter-Claimant,<br><br>     v.<br><br>ALTON JONES,<br><br>          Counter-Defendant. | |

1. On this day, August 18, 2017, the Individual Defendants ("Defendants") are filing their Motion to Dismiss or for Summary Judgment. [ECF Doc. 47.] Plaintiff's ("Jones'") second claim of his complaint is that the Defendants used excessive force in the process of taking him to the ground and handcuffing him. [ECF Doc. 38, para. 87.] One of the Defendants' arguments is that there is no evidence to support his allegations of being hit, kicked, beaten or otherwise "pummeled." Jones made no such claims to, among others, Dr. Wesley, whom he saw on the day of his release (August 10, 2014), or to Physician's Assistant ("PA") Norman Moser, whom he saw on August 11, 2014.

In support of their argument, the Defendants wish to include Dr. Wesley's deposition transcript and Exhibit 1 of that deposition, which consists of three pages of his "Progress Notes" for the August 10, 2014 visit, and one page of PA Moser's "Record of Medical Care" for the August 11, 2014 visit. The records are redacted for personally identifiable information ("PII"). All of the unredacted information in the records concerns Jones' history, diagnosis and treatment for his complaints, related solely to the incident that forms the basis of this lawsuit.

Given the nature of Jones' claims, the Defendants' dispositive motion must address his medical condition on the day of and the day after his release. To properly support the motion, the Defendants must attach a copy of this limited portion of Jones' medical records.

On August 14, 2017, the Defendants sought permission from Jones' counsel to file the redacted medical records described above, pursuant to the Protective Order in this case. [ECF Doc. 35, para. 6.] On August 15, 2017, Jones' counsel responded as follows:

> We have reviewed proposed exhibits, and do not consent to your filing of these documents. We believe that, because these exhibits contain Mr. Jones's personal medical information, the proper course is for you to move to file these exhibits under seal. Although the standard for sealing papers attached to a dispositive motion is high, sensitive medical records can ordinarily meet the standard. *See, e.g., Bauman v. Harbor View Home Owners Ass'n, No.* 16CV2506-MMA (JMA), 2017 WL 1378215, at *1 (S.D. Cal. Apr. 11, 2017) ("because of the sensitive nature of Plaintiff's medical and financial records, [the court] GRANTS Plaintiff's motion to seal.").

Given Plaintiff's position, the entirety of the records is confidential and therefore the Defendants are unable to file a "public version."

Accordingly, the Defendants bring this motion to allow them to file the above-described medical records under seal.

DATED: August 18, 2017

Respectfully submitted,

ALANA W. ROBINSON
Acting United States Attorney

s/ *Samuel W. Bettwy*
SAMUEL W. BETTWY
Assistant U.S. Attorney

s/ *David B. Wallace*
DAVID B. WALLACE
Assistant U.S. Attorney

REBECCA G. CHURCH
Assistant U.S. Attorney

Attorneys for all Defendants