**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALTON JONES,<br><br>                        Plaintiff,<br><br>v.<br><br>U.S. BORDER PATROL AGENT HERNANDEZ, et al.,<br><br>                        Defendants. | Case No.:  16-CV-1986 W (WVG)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO FILE EXHIBITS UNDER SEAL [DOC. 54]** |

Pending before the Court is Defendants' ex parte application to file documents under seal.  [Doc. 54.]  Plaintiff has filed a response indicating non-opposition.  [Doc. 57.]  The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court **GRANTS** the ex parte application.

//
//
//
//
//
//
//
//

## I. BACKGROUND

Plaintiff brought this civil rights action on August 8, 2016. (*Compl.* [Doc. 1].) The Second Amended Complaint ("SAC") alleges violations of state and federal law, and of the U.S. Constitution pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), all arising from an altercation with CBP agents on August 9, 2014 at the Border Field State Park in San Diego. (*See SAC.* [Doc. 38].)

The individual defendants, Gerardo Hernandez, David Faatoalia, Joseph Bowen, and John Kulakowski, now apply to the Court to file certain exhibits under seal on the ground that they contain sensitive medical information. (*Ex Parte Application* [Doc. 54].) Plaintiff does not oppose. (*Pl.'s Response* [Doc. 57].)

## II. LEGAL STANDARD

Federal law creates a strong presumption in favor of public access to court records. But this right of access is not absolute. San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999). "Every court has supervisory power over its own records and files[,]" and may provide access to court documents at its discretion. See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See Hagestad, 49 F.3d at 1434.

When a district court is asked to seal court records in a civil case, the presumption in favor of access can be overcome by a showing of "sufficiently important countervailing interests." See San Jose Mercury News, 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the " 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.' " Hagestad, 49 F.3d at 1434 (quoting EEOC v.

Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citing Valley Broad. Co. v. United States Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); accord City of Hartford v. Chase, 942 F.2d 130, 136 (1st Cir. 1991) ("[T]he trial court—not the parties themselves—should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed . . . .").

### III. DISCUSSION

The need to protect medical confidentiality can serve as a compelling reason to seal court documents. See, e.g., Bauman v. Harbor View Home Owners Ass'n, 16-CV-2506 MMA (JMA), 2017 WL 1378215, at *1 (S.D. Cal. Apr. 11, 2017) (Anello, J.); Chaker v. Adams, 10-CV-2599 GPC (BGS), 2014 WL 4063124, at *2 (S.D. Cal. Aug. 15, 2014) (Curiel, J.). Such is the case here. Defendants seek to seal five pages consisting of the findings and impressions of physicians and medical professionals. (*Sealed Lodged Proposed Documents* [Doc. 55].) The information contained therein pertaining to Plaintiff's health is confidential. Redaction could not mitigate the potential for disclosure.

The application will be granted.

//
//
//

1 | IV.  **CONCLUSION & ORDER**

2 | Defendant's ex parte application to file under seal is **GRANTED**.  [Doc. 54.]

4 | **IT IS SO ORDERED.**

5 | Dated:  August 24, 2017

Hon. Thomas J. Whelan
United States District Judge