Mitra Ebadolahi (SBN 275157)
mebadolahi@aclusandiego.org
David Loy (SBN 229235)
davidloy@aclusandiego.org
ACLU FOUNDATION OF SAN DIEGO
& IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: 619.232.2121
Facsimile: 619.232.0036

Attorneys for Plaintiff/Counter-Defendant
Alton Jones

ALANA W. ROBINSON
Acting United States Attorney
DAVID B. WALLACE
Assistant U. S. Attorney
State of California Bar No. 172193
SAMUEL W. BETTWY
Assistant U. S. Attorney
California State Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
619-546-7669 / 7125
619-546-7751 (fax)
dave.wallace@usdoj.gov
samuel.bettwy@usdoj.gov

Attorneys for Defendant/Counter-Claimant
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BORDER PATROL AGENT GERARDO HERNANDEZ, et al.,<br><br>    Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>    Counter-Claimant,<br><br>    v.<br><br>ALTON JONES,<br><br>    Counter-Defendant. | Case No. 16cv1986 W (WVG)<br><br>**JOINT STATEMENT OF DISPUTED AND UNDISPUTED FACTS RE THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**<br><br>DATE: October 23, 2017<br>CTRM: The Hon. Thomas J. Whelan<br><br>[No oral argument pursuant to L.R. 7.d.1.] |

COME NOW the parties, by and through their respective counsel, and submit the following Joint Statement of Disputed and Undisputed Facts.

# I
# **UNDISPUTED FACTS**

The parties agree that the following facts are not disputed, for purposes of this motion only:

1. On August 9, 2014, Alton Jones ("Plaintiff"), his wife Ana Jones, and his then six-year-old son visited the beach at the Border Field State Park in San Diego, California.

2. Upon arrival, the Joneses paid $5 to gain entry and received a map of the park.

3. Plaintiff then drove the family into the park and toward the beach.

4. While the family was still in the car, Agent Hernandez pulled up alongside their car and told them they could not park where they had stopped; Plaintiff moved his car.

5. The Joneses then carried a beach umbrella, towels, and toys to the sand.

6. Plaintiff left his family on the beach to go for a short jog.

7. Plaintiff was wearing a t-shirt, shorts, and a GPS watch (which he set before starting off); he also had his iPhone strapped to his arm and his white earphones in his ears.

8. Plaintiff headed onto a sand path that appeared to go up and around the wildlife reserve.

9. This sand path leads up to a paved road that runs parallel to an area immediately adjacent to Friendship Park and the U.S.-Mexico border fence.

10. Plaintiff proceeded east along this paved road at a slow pace for about half of a mile.

11. At about 3:18 p.m., Border Patrol agents received radio notification of Plaintiff's presence on the paved road.

12. Agents Johnson and Hernandez were the first agents to arrive at the paved road in response to the radio call.

13. The operator of the Remote Video Surveillance System ("RVSS") captured Plaintiff on film as he jogged eastward on the paved road.

14. A Border Patrol agent stopped his vehicle on the road, facing westward, to the east of Plaintiff.

15. The agent was Agent Johnson.

16. Plaintiff told this agent that he was "running up the hill" and continued jogging.

17. Another Border Patrol agent drove eastward past Plaintiff, and turned his vehicle to block Plaintiff's path.

18. The agent was Agent Hernandez.

19. Agent Hernandez told Plaintiff to turn around.

20. Plaintiff began running in the opposite direction (westward) on the paved road.

21. A Border Patrol agent in a patrol vehicle entered the paved road from the north, drove eastward, and stopped to Plaintiff's left.

22. Two agents arrived on all-terrain vehicles ("ATVs") and entered the paved road to the west of Plaintiff.

23. These agents were Agents Bowen and Faatoalia.

24. One or more agents physically restrained Plaintiff.

25. One or more agents placed Plaintiff in handcuffs.

26. Agent Kulakowski drove Plaintiff to the Imperial Beach Border Patrol station.

27. On August 10, 2014, at about 8:00 a.m., Plaintiff was released from Border Patrol detention.

28. On August 10, 2014, Plaintiff's wife photographed Plaintiff.

29. On August 10, 2014, Plaintiff's friend Mike Wintz saw Plaintiff.

30. On August 10, 2014, Plaintiff saw Dr. James Wesley, who is a certified family physician at Kaiser Permanente.

31. On August 13, 2014, Plaintiff wrote a complaint to Senator Dianne Feinstein.

///
///
///

## II
## **DISPUTED FACTS**

The parties have met and conferred and cannot agree on whether material facts are disputed. Plaintiff contends that numerous material facts are disputed. *See* Plaintiff's Opposition at 20–24.[1] Defendants disagree.

Respectfully submitted,

DATED: October 10, 2017     ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES

s/ *Mitra Ebadolahi*
MITRA EBADOLAHI

s/ *David Loy*
DAVID LOY

Attorneys for Plaintiff/Counter-Defendant

DATED: October 10, 2017     ALANA W. ROBINSON
Acting United States Attorney

*s/ David B. Wallace*
DAVID B. WALLACE
Assistant U. S. Attorney

*s/ Samuel W. Bettwy*
SAMUEL W. BETTWY
Assistant U.S. Attorney

Attorneys for Defendant/Counter-Claimant United States of America

---

[1] In accordance with the Court's Chamber Rules, the parties have not prepared separate statements of disputed and undisputed facts. Should the Court prefer an itemized list of Plaintiff's disputed facts instead of reference to the briefing, the parties can file an amended joint statement.