# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ALTON JONES,

    Plaintiff,

v.

U.S. BORDER PATROL AGENT HERNANDEZ, et al.,

    Defendants.

Case No.: 16-CV-1986 W (WVG)

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE [DOC. 74]**

  Pending before the Court is Defendant's motion to strike an unauthorized claim for relief in the Third Amended Complaint ("TAC"). [Doc. 74.] Plaintiff opposes. [Doc. 77.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court grants Defendants' motion.

//
//
//
//
//
//

1

## I. BACKGROUND

On November 9, 2017, the Court granted Defendants' motion to dismiss, *inter alia*, the third cause of action in the Second Amended Complaint ("SAC") as to Defendant Bowen. (*Nov. 9, 2017 Order* [Doc. 71].) The SAC alleged an unconstitutional search of Plaintiff only at the Imperial Beach Border Patrol station. (*SAC* [Doc. 38] ¶¶ 54, 88.) The same is true of all previous complaints. (*FAC* [Doc. 9] ¶¶ 52, 69; *Compl.* [Doc. 1] ¶¶ 50, 65.) From the original Complaint, filed on August 8, 2016, through the SAC, filed on June 23, 2017, at no time did Plaintiff ever allege a search on the road before he arrived at the station. (*Compl.* [Doc. 1] ¶¶ 35–40, 65; *FAC* [Doc. 9] ¶¶ 35–42; 69; *SAC* [Doc. 38] ¶¶ 35–42.)

The Court's November 9 order focused solely on the search at the station, as that was the only search that Plaintiff had ever alleged. (*Nov. 9, 2017 Order* [Doc. 71].) It dismissed the third cause of action against Defendants Johnson, Hernandez, Faatoalia, and Bowen with leave to amend on the basis that the SAC contained no allegation that they were involved in the search in question. (*Id.* [Doc. 71] 13:22–15:12; 22:4–13.)

Given that the deadline for moving to amend pleadings had passed in June of 2017, the Court circumscribed Plaintiff's leave to amend "in accordance with the terms of this order." (*See Scheduling Order* [Doc. 30] ¶ 1; *Nov. 9, 2017 Order* [Doc. 71] 22:12–13.)

On December 1, 2017, Plaintiff filed his Third Amended Complaint ("TAC"). (*TAC* [Doc. 74].) This document for the first time alleged a separate search—one involving Agent Bowen on the road before he was taken to the station. (*Id.* [Doc. 74] ¶¶ 41, 91.) Defendant Bowen has moved to strike this allegation as outside the scope of Plaintiff's leave to amend, as granted in the Court's prior order. (*Mot. to Strike* [Doc. 74].) Plaintiff opposes. (*Pl.'s Opp'n* [Doc. 77].)

For the reasons set forth below, the allegations in question are outside the scope of Plaintiff's leave to amend and will be stricken as impertinent. See Fed. R. Civ. P. 12(f).

//
//

## II. LEGAL STANDARD

### A. Motion to Strike Pursuant to Rule 12(f)

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The court may act . . . on its own[,] or . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Id. " 'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .' " Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994)). Motions to strike are generally disfavored and are "usually . . . denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." See Travelers Cas. & Sur. Co. of Am. v. Dunmore, 2010 WL 5200940, at *3 (E.D. Cal. 2010).

Redundant matter is the needless repetition of assertions. See Dunmore, 2010 WL 5200940, at *3. " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.' " Whittlestone, 618 F.3d at 974 (quoting Fogerty, 984 F.2d at 1527). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal quotation omitted). "Scandalous matters are allegations that unnecessarily reflect . . . on the moral character of an individual or state . . . anything in repulsive language that detracts from the dignity of the court." Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quoting Corbell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004)).

//
//
//
//

### III. DISCUSSION

The May 16, 2017 Scheduling Order set the deadline for amending the complaint at June 23, 2017. (*Scheduling Order* [Doc. 30] ¶ 1.)

Plaintiff has not moved to amend since the expiration of that deadline. The only claim at issue in the previous motion to dismiss—which resulted in a grant of leave to amend—involved a search that was alleged to have taken place at the Border Patrol station. (*See Nov. 9, 2017 Order* [Doc. 71].) That was the context of the prior order, and that was the scope of the leave granted Plaintiff to amend the SAC "in accordance with the terms of [that] order." (*Id.* [Doc. 71] 22:7–9; 22:12–13.) In adding allegations relating to a new search beyond that which was alleged in the previous complaints just before the close of fact discovery on January 16, 2018 (*Scheduling Order* [Doc. 30] ¶ 6), Plaintiff exceeded the scope of this Court's leave to amend and circumvented Judge Gallo's scheduling order.

Plaintiff did not have leave of Court to allege an entirely new search, for which the opposing parties were not on notice. The allegations of a search wholly distinct from that analyzed in the prior order are impertinent and will be stricken. See Fed. R. Civ. P. 12(f); Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2017) (" '[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."); Harrison v. Perea, 168 U.S. 311, 318–19 (1897) ("It is also said that impertinence is the introduction of any matters in a bill, answer, or other pleading in the suit which are not properly before the court for decision at any particular stage of the suit."). If Plaintiff wants to allege a new search at this stage of the case, he must move both for leave to amend his pleading and to amend the scheduling order.

//
//
//
//

## IV. CONCLUSION & ORDER

Defendant Bowen's motion to strike is **GRANTED**. [Doc. 74.]

**IT IS SO ORDERED.**

Dated: March 29, 2018

*[signature]*
Hon. Thomas J. Whelan
United States District Judge