# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON JONES,<br><br>                          Plaintiff,<br><br>v.<br><br>U.S. BORDER PATROL AGENT HERNANDEZ, et al.,<br><br>                         Defendants. | Case No.: 16-CV-1986 W (WVG)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO JANUARY 23, 2018 DISCOVERY ORDER [DOC. 85]** |

     Pending before the Court are Plaintiff Alton Jones' objections to Judge Gallo's January 23, 2018 discovery order. [Doc. 85.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections.

//
//
//
//
//
//
//

1

## I. BACKGROUND

On November 7, 2017, Plaintiff noticed depositions under Fed. R. Civ. Proc. 30(b)(6) on 14 topics. (*Pl.'s Am. Notice of Dep.* [Doc. 85-2 Ex. A].) Defendants sought protection from the notice on grounds of relevance, proportionality, and privilege. (*United States' Position Statement Regarding Req. for Protection from Pl.'s Rule 30(b)(6) Notice.* [Doc. 85-2 Ex. K] 1:17–20.) On January 23, 2018, Judge Gallo granted Defendants' request for a protective order on all but one of Plaintiff's 14 noticed topics. (*Jan. 23, 2018 Order* [Doc. 84].)

On February 6, 2018, Plaintiff filed his objections to the January 23 order. (*Pl.'s Objs.* [Doc. 85].) Plaintiff objects to the January 23 order as applied to: (1) the conditions of Plaintiff's detention at the Imperial Beach Border Patrol Station; (2) the decision not to prosecute Plaintiff; and (3) "[t]he operation, maintenance, and data retention of any camera controlled by the USA that captured any part of the Relevant Area on August 9 or 10, 2014." (*Id.* [Doc. 85-1] 3:6–8.) Defendants oppose. (*Opp'n* [Doc. 91].)

## II. LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a U.S. Magistrate Judge within fourteen days after service of the order. See Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, including factual determinations related to protective orders. Rivera v. NIBCO, Inc. 364 F.3d 1057, 1063 (9th Cir. 2004). Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Industries Co., 126 F.3d 926, 943 (7th Cir. 1997).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. See, e.g., FDIC v. Fidelity & Deposit Co. of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citing Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law.")); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 at 350 & 355 (2d ed. 2018); Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994) ("Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions.").

## III. DISCUSSION

### A. Plaintiff Does Not Show that Judge Gallo's Ruling on the 30(b)(6) Depositions as to the Detention Conditions or the Prosecution Decision is Either Clearly Erroneous, or Contrary to Law.

Plaintiff's objections as to Judge Gallo's ruling on the request for a 30(b)(6) deposition on the conditions for his detention and the decision not to prosecute him are grounded in the premise that Judge Gallo applied the incorrect legal standard, requiring Plaintiff to state "compelling reasons" for a 30(b)(6) deposition. (*Pl.'s Objs.* [Doc. 85-1] 8:20–14:26.) The order does not support this interpretation.

Though the phrase "a compelling reason" appears on page three of the order, the context of that sentence is not in establishing a legal standard, but rather as part of a holding overruling Defendants' objections that Rule 30(b)(6) generally did not apply to this case.

//
//
//
//
//

3

> **Defendants contend Rule 30(b)(6) depositions are not appropriate in "garden variety tort" cases such as this case. However, what may otherwise be a garden variety tort case *can* morph into a more serious one when the alleged tortfeasor is the government and its agents acting under color of law. For example, a state prisoner assaulted by another prisoner may only have a common law battery claim against his attacker in state court, but he may pursue a federal civil rights action for the same battery under 42 U.S.C. § 1983 if his attacker is a prison guard employed by the state. Here, though Defendants' alleged underlying tortious conduct in part involved battering Plaintiff, the nature of Plaintiff's *Bivens* claims elevate this case out of the "garden variety tort" realm. That being said, Plaintiff fails to articulate a compelling reason for Rule 30(b)(6) depositions here beyond the need to bind the government.**
>
> **Nonetheless, the plain language of Rule 30 permits such depositions in actions against a government agency. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, *a party may name as the deponent . . . a governmental agency*, or other entity and must describe with reasonable particularity the matters for examination.") (emphasis added). And Defendants have not directed the Court to any on-point authority that precludes such depositions here. The Court finds that— as a general matter—Rule 30(b)(6) depositions are an appropriate, available discovery tool in such cases and turns to the fourteen disputed topics in the deposition notice.**

(*Jan. 23, 2018 Order* [Doc. 84] 2:21–3:12.)

The Court's later analysis of the discovery disputes to which Plaintiff objects rests on the concept of proportionality—codified in Federal Rule of Civil Procedure 26(b)(1), which governs all discovery in federal court.

> **(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.**

Fed. R. Civ. P. 26(b)(1).[1]

---

[1] This rule became effective December 1, 2015. Plaintiff provides only one case on this issue from after this date, Sunwood Condo Ass'n v. Travelers Cas. Ins. Co. of Am., 2017 WL 1652965, at *2 (W.D. Wash. May 2, 2017). Sunwood is of limited relevance.

Plaintiff objects to Judge Gallo's decision as to the request for a protective order on the Rule 30(b)(6) deposition regarding the conditions of his detention and the decision not to prosecute him. (*Pl.'s Objs.* [Doc. 85-1] 4:23–25.) As to each, Judge Gallo's reasoning was the same. A Rule 30(b)(6) deposition would require the government to designate a witness who would then be required to interview each percipient witness to the events in question, gather information about what happened, and then testify about occurrences that he did not observe, without personal knowledge. When percipient witnesses are available to testify, it is unduly burdensome to expect the entity to interview them and then bind itself to any mistakes made in relaying their testimony secondhand through a 30(b)(6) deponent. (*Jan. 23, 2018 Order* [Doc. 84] 4:18–5:12; 5:18–6:13.) See Fed. R. Civ. P. 26(b)(1). Judge Gallo's determination is neither clearly erroneous nor contrary to law.[2]

### B.  Plaintiff Does Not Show that Judge Gallo's Ruling on the Law Enforcement Privilege is Either Clearly Erroneous, or Contrary to Law.

Judge Gallo ruled the following as to the applicability of the law enforcement techniques privilege to the RVSS camera system, which conducts surveillance of the U.S.-Mexico border:

> **Defendants contend details of the RVSS system, including its operation, capabilities, and blind spots, are protected by the law enforcement privilege. The Court agrees. The RVSS system watches over what is commonly known to be a sensitive international border with extremely high legal and illegal cross-border traffic. The Court finds the government has a heightened interest in protecting the operational capabilities and vulnerabilities of the RVSS system, a highly sensitive system that is**

---

[2] Plaintiff's argument that he lacks the opportunity to depose more than 15 witnesses is premised on the fact that he has not moved to depose more. (*Pl.'s Objs.* [Doc. 85-1] 11:25–13:15.)

Plaintiff argues that some of the percipient witnesses the government identified have proven to be less knowledgeable than the government initially represented. (*Pl.'s Objs.* [Doc. 85-1] 13:16–14:26.) This is not a basis for finding Judge Gallo's order clearly erroneous on review. See Fed. R. Civ. P. 72(a). If facts have changed since the issue was originally brought before the Court, Rule 60(b) provides the proper procedural mechanism for reconsideration.

> **crucial to the national security of the United States. In contrast, Plaintiff has provided little to counterbalance the government's heightened interest. And from what this Court has been presented, any suggestion that RVSS video was tampered with or that actual footage of the underlying events here has been withheld or deleted is pure speculation. Based on the balance of interests, the Court SUSTAINS Defendants' law enforcement privilege objection and declines to authorize further inquiry into the RVSS system.**

(*Jan. 23, 2018 Order* [Doc. 84] 9–10 n.5.) This reasoning is compelling.

Plaintiff contends that Judge Gallo clearly erred by making the foregoing decision because the government did not make a sufficient showing that the privilege applies. (*Pl.'s Objs.* [Doc. 85-1] 15:12–18:5.) On the contrary, it is apparent that disclosure of the capabilities of the surveillance system protecting the United States border would inhibit the ability of law enforcement to protect the nation's vital interests. And as Judge Gallo pointed out, "[i]t is unclear why Plaintiff seeks the information in Topics 9–100 through a Rule 30(b)(6) deposition. Several Border Patrol personnel have provided sworn declarations stating that the equipment used to record the underlying events in this case was working properly and that none of the videos or audio recordings were edited, deleted, or 'doctored' in any way." (*Jan. 23, 2018* [Doc. 84] 10:2–5.) "Any marginal value a deposition may have is heavily outweighed by the burden it will impose." (*Id.* [Doc. 84] 10:7–8.) Judge Gallo's decision on this point is not clearly erroneous or contrary to law. See Fed. R. Civ. P. 26(b)(1); United States v. Cintolo, 818 F.2d 980, 1002 (1st Cir. 1987); United States v. Van Horn, 789 F.2d 1492, 1508 (11th Cir. 1986); United States v. Green, 670 F.2d 1148, 1155 (D.C. Cir. 1981).

//
//
//
//
//
//
//

## IV. CONCLUSIONS & ORDER

Plaintiff's objections are **OVERRULED**.

**IT IS SO ORDERED.**

Dated: April 27, 2018

Hon. Thomas J. Whelan
United States District Judge

7

16-CV-1986 W (WVG)