UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON JONES,<br><br>         Plaintiff,<br><br>v.<br><br>U.S. BORDER PATROL AGENT HERNANDEZ, et al.,<br><br>         Defendants. | Case No.: 16-CV-1986 W (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. 82]** |

   Pending before the Court is a motion for summary judgment as to Defendant's counterclaim filed by Plaintiff Alton Jones. [Doc. 82.] The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** the motion.

//
//
//
//
//

1

## I. BACKGROUND

Plaintiff commenced this case on August 8, 2016, alleging that the United States Border Patrol unlawfully arrested and detained him on August 9, 2014. (*See Compl.* [Doc. 1].) On April 10, 2017, the United States filed a counterclaim for assault, battery and negligence arising from the same incident. (*See First Amended Counterclaim ("FACC")* [Doc. 19].) The counterclaim was brought pursuant to an assignment by U.S. Border Patrol Agent Jodan Johnson pursuant to the Federal Employees Compensation Act ("FECA"). (*FACC* [Doc. 19] ¶ 4.) It alleged that during the incident on August 9, 2014, Plaintiff injured Agent Johnson. (*Id.* [FACC] ¶¶ 41–55.)

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this "burden of production" in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. See id. at 322–25; Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102–03 (9th Cir. 2000) (explaining relevant burden-shifting terminology). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

1 | "[T]he district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the Court is not obligated "to scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)).

If the moving party meets its initial burden of production on the motion, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995) (citing Anderson, 477 U.S. at 252) ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" ruling on a motion for summary judgment. Anderson, 477 U.S. at 255.

//
//
//
//
//
//
//

## III. DISCUSSION

### A. The Motion Has No Merit.

Jones contends that the tort claims Agent Johnson assigned to the government are time-barred because of a late assignment. (*Pl.'s Mot.* [Doc. 82].) He is incorrect.

Agent Johnson's alleged injuries occurred on August 9, 2014. (*FACC* [Doc. 19].) He assigned the claims to the United States on March 23, 2017 (*Johnson Assignment* [Doc. 82-1, Exh. A]), and the United States filed the FACC on April 10, 2017. (*FACC* [Doc. 19].) However, in the interim, on August 8, 2016 (one day before the expiration of the statute of limitations on the counterclaim), Jones brought suit against the United States, and against four Doe Defendant Border Patrol Agents—one of whom was later named as Agent Johnson. (*Compl.* [Doc. 1]; *First Amended Complaint ("FAC")* [Doc. 38].)

Jones concedes that the claims are "creatures of state law," and that the statute of limitations he now seeks to enforce is also a product of state law.[1] (*Pl.'s Mot.* [Doc. 82] 4:17–23; *FACC* [Doc. 19] (stating claims for assault, battery, and negligence).) California provides for a two-year statute for these claims. See Cal. Civ. Proc. Code § 335.1. The government does not dispute the applicability of this limitations period.[2] (*Def.'s Opp'n* [Doc. 87] 2:19–22.)

---

[1] Ordinarily, "the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." United States v. Summerlin, 310 U.S. 414, 416 (1940). However, this principle hinges on the United States coming into possession of a valid claim. See Bresson v. C.I.R., 231 F.3d 1173, 1176 (9th Cir. 2000) ("On the one hand, if the United States comes into possession of a valid claim, that claim cannot be 'cut off' later by a state statute of limitations. On the other hand, if a claim *already has become infirm* (for example, when a limitations period expires) by the time the United States acquires the purported right, the rule of Summerlin will not operate to revive the claim."). If a claim is already time-barred by the time the United States comes into possession of it, a state statute of limitations may still render it time-barred. See id.

[2] As the government points out, a separate three-year limitations period also applies to claims brought by the United States. (*Def.'s Opp'n* [Doc. 87] 4:7–10.) See 28 U.S.C. § 2415(b). Plaintiff does not argue that the United States filed these claims outside of it. (*Pl.'s Mot.* [Doc. 82]; *Pl.'s Reply* [Doc. 88].)

4

Despite the fact that he seeks to enforce a California statute of limitations, Jones wants the Court to displace the tolling law that comes along with that statute with federal common law. (*Pl.'s Mot.* [Doc. 82] 4:17–23; 8:1–10.) This is not appropriate, and it flies in the face of clear and binding Ninth Circuit precedent. But even if federal common law could somehow apply here, the outcome would only change in Jones' favor if the Court were to diverge from the majority rule.

"Under California law, a 'statute of limitations is suspended or tolled as to a *defendant's* then unbarred causes of action against the plaintiff arising out of the same transaction by the filing of the plaintiff's complaint.' " Trotter v. Int'l Longshoremen's & Warehousemen's Union, Local 13, 704 F.2d 1141, 1143 (9th Cir. 1983) (quoting Electronic Equipment Express, Inc. v. Donald H. Seiler & Co., 122 Cal. App. 3d 834, 844 (1981)). Plaintiff's motion does not dispute that the original complaint and the counterclaim arise from the same incident. (*See Pl.'s Mot.* [Doc. 82].)

Under federal law, the majority rule also allows for tolling on compulsory counterclaims—a rule designed "to preclude [a] plaintiff . . . from delaying the institution of the action until the statute has almost run on defendant's counterclaim so that it would be barred by the time defendant advanced it." Wright and Miller, 6 FED. PRAC. & PROC. CIV. § 1419 (2010); accord Kirkpatrick v. Lenoir County Board of Education, 216 F.3d 380, 387 (4th Cir. 2000); Burlington Indus. v. Milliken & Co., 690 F.2d 380, 389 (4th Cir. 1982), *cert. denied*, 461 U.S. 914 (1983); Hartford v. Gibbons & Reed, 617 F.2d 567, 570 (10th Cir. 1980); De Vito v. Hoffman, 199 F.2d 468 (D.C. Cir. 1952). At least one court in this district has followed this rule based on this reasoning. N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc., 685 F. Supp. 2d 1112, 1119 (S.D. Cal. 2010) (Benitez, J.).

Jones waited to file suit until August 8, 2016—only one day before the statute would have run on the counterclaim without tolling. (*See Compl.* [Doc. 1].) The federal common law minority rule, which Jones urges the Court to adopt, provides an incentive for plaintiffs to wait to file until just before the expiration of the statute of limitations on

5

any counterclaims so as to obtain a strategic advantage. See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare, 781 F.3d 182, 206 (5th Cir. 2015) (elucidating a distinction between an "affirmative" and a "defensive" counterclaim).

"Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations." Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir.), *certified question answered*, 227 Ariz. 121 (2011). As Plaintiff concedes, the substantive law governing the counterclaim is California tort law. (*Pl.'s Mot.* [Doc. 82] 4:17–23 (accurately describing the assault, battery, and negligence counterclaims as "creatures of state law").) He seeks to enforce a California statute of limitations in effect prior to the assignment. (*Id.*) Cal. Civ. Proc. Code § 335.1. Because Agent Johnson assigned his California tort claims to the United States pursuant to FECA (*FACC* [Doc. 19] ¶ 36), the United States stands in Johnson's shoes in enforcing his state-law rights. See, e.g., 5 U.S.C. § 8131; Boeing Airplane Co. v. Perry, 322 F.2d 589, 591 (10th Cir. 1963). State substantive law applies. A state statute of limitations applies. And the "integrally related" state tolling law must also apply. See Albano, 634 F.3d at 530.

//
//
//
//
//
//
//
//
//
//
//
//

6

16-CV-1986 W (WVG)

Per California law, the statute on the United States' counterclaim has been tolled since the filing of the original complaint on August 8, 2016. Plaintiff's motion has no merit and will be denied. See Fed. R. Civ. P. 56(a); <u>Celotex</u>, 477 U.S. at 322.

## IV. CONCLUSION & ORDER

Plaintiff's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 30, 2018

_____
Hon. Thomas J. Whelan
United States District Judge